COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Attorney for the Defendant Tom Wolf
By:   Kevin R. Bradford (NJ ID 027122001)
      Senior Deputy Attorney General
      (267) 374-5450
      kbradford@attorneygeneral.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARY BASILE LOGAN, | : |
| Plaintiff, | : |
| | : No. 3:23-CV-21174 |
| v. | : |
| | : Hon. Zahid N. Quraishi, J. |
| NED LAMONT, *et al.*, | : Hon. Tonianne J. Bongiovanni, M.J. |
| | : |
| Defendants. | : **BRIEF IN SUPPORT OF** |
| | : **DEFENDANT TOM WOLF'S** |
| | : **MOTION TO DISMISS AMENDED** |
| | : **COMPLAINT PURSUANT TO** |
| | : **FED.R.CIV.P. 12(b)(1), 12(b)(2), and** |
| | : **12(b)(6)** |
| | : |
| | : **MOTION DAY: JANUARY 2, 2024** |
| | : |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................1

II. BACKGROUND ................................................................................................1

III. STANDARD OF REVIEW ...............................................................................3

IV. ARGUMENT .....................................................................................................5

   A. Eleventh Amendment Immunity Bars The §1983 Claims Against Tom Wolf In His Official Capacity As Former Governor Of Pennsylvania .......5

   B. Plaintiff Cannot Pursue Claims Against Defendant Wolf Based Upon Criminal Statutes Or The Domestic Volunteer Service Act ........................7

   C. This Court Lacks Personal Jurisdiction Over Defendant Wolf, Who Has Not Purposefully Availed Himself Of The Laws Of New Jersey .........8

V. CONCLUSION ................................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**

*Alden v. Maine*,

   527 U.S. 706 (1999) ....................................................................................... 5

*Allen v. Administrative Office of Pennsylvania Courts*,

   270 F. App'x 149 (3d Cir. 2008) ................................................................... 7

*Ashcroft v. Iqbal*,

   556 U.S. 662 (2009) ....................................................................................... 4

*Bell Atl. Corp. v. Twombly*,

   550 U.S. 544 (2007) ....................................................................................... 4

*Blanciak v. Allegheny Ludlum Corp.*,

   77 F.3d 690 (3d Cir. 1996) ............................................................................ 3

*Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*,

   582 U.S. 255 (2017) ................................................................................... 8, 9

*Brown v. State of Delaware & Affiliates*,

   No. 22-1286, 2023 WL 196675 (D. Del. Jan. 17, 2023) ............................... 7

*Bullard v. Krasner*,

   No. 23-2984, 2023 WL 7110709 ................................................................ 6, 8

*Corliss v. O'Brien*,

  200 F. App'x 80 (3d Cir. 2006) ...............................................................................6

*Daimler AG v. Bauman*,

  571 U.S. 117 (2014) ...............................................................................................10

*George v. Rehiel*,

  738 F.3d 562 (3d Cir. 2013) ...................................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,

  564 U.S. 915 (2011) ...............................................................................................9

*Gould Electronics Inc. v. United States*,

  220 F.3d 169 (3d Cir. 2000) ...................................................................................4

*Hans v. Louisiana*,

  134 U.S. 1 (1890) ...................................................................................................5

*Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*,

  326 U.S. 310 (1945) ...........................................................................................8, 9

*Ivester v. Sweeny*,

  No. 19-16559, 2022 WL 17733676 (D.N.J. Dec. 16, 2022) ..................................6

*Karns v. Shanahan*,

  879 F.3d 504 (3d Cir. 2018) ...................................................................................5

*Lavia v. Pa. Dep't of Corr.*,

  224 F.3d 190 (3d Cir. 2000) ...................................................................................5

*Lujan v. Defs. of Wildlife*,

    504 U.S. 555 (1992) ........................................................................................6

*Marten v. Godwin,*

    499 F.3d 290 (3d Cir. 2007) ...........................................................................4

*Miller v. Glen Mills Sch.*,

    No. 19-1292, 2019 WL 6877176 (E.D. Pa. Dec. 17, 2019)..................................6

*Miller Yacht Sales, Inc. v. Smith,*

    384 F.3d 93 (3d Cir. 2004) .............................................................................8

*O'Rourke v. Dominion Voting Sys. Inc.*,

    552 F. Supp. 3d 1168 (D. Colo. 2021) ...............................................................10

*Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*,

    506 U.S. 139 (1993) ........................................................................................5

*Scott v. DiGuglielmo*,

    615 F. Supp.2d 368 (E.D. Pa. 2009).....................................................................6

*Smith v. DeBoyer*,

    No. 2:22-CV-11572, 2022 WL 16641857 (E.D. Mich. Oct. 12, 2022) .................7

*United States v. Batchelder*,

    442 U.S. 114 (1979) ........................................................................................7

*United States v. Friedland*,

    83 F.3d 1531 (3d Cir. 1996) .............................................................................7

*W. Penn Allegheny Health Sys., Inc. v. UPMC*,

   627 F.3d 85 (3d Cir. 2010) ................................................................................5

*Will v. Mich. Dep't of State Police*,

   491 U.S. 58 (1989) ........................................................................................5, 6

**Statutes**

18 U.S.C. §2422 ..................................................................................................3, 7

42 Pa. C.S. § 8521(b) ..............................................................................................6

42 U.S.C. § 1983 .....................................................................................................1

42 U.S.C. ¶ 5055(b) ................................................................................................8

52 U.S.C. § 20702 ...............................................................................................3, 7

**Rules**

Fed. R. Civ. P. 8(a) .................................................................................................4

Rule 12(b)(1) ...........................................................................................................3

Rule 12(b)(2) ...........................................................................................................4

Rule 12(b)(6) ...........................................................................................................4

Defendant former Pennsylvania Governor Tom Wolf, by counsel, respectfully submits this brief in support of his Motion to Dismiss Amended Complaint.

## I. INTRODUCTION

Under well established law, state officials such as the governor, cannot be sued in their official capacity for violating a federal right under 42 U.S.C. § 1983 ("Section 1983"). Pennsylvania and its officials have and retain their sovereign immunity from exactly the type of claims Plaintiff brings here. To the extent Plaintiff attempts to assert claims based on alleged violations of criminal statutes or the Domestic Volunteer Service Act, they cannot proceed. Finally, under equally clear law regarding personal jurisdiction, Plaintiff's claims against the former Pennsylvania Governor cannot be brought in New Jersey. All of the facts alleged against Defendant Wolf took place in Pennsylvania, and there is no act that can be considered purposeful contact with New Jersey relevant to this case. There is no basis for this Court to exert its jurisdiction over Defendant Wolf.

All claims against former Pennsylvania Governor Tom Wolf should be dismissed with prejudice.

## II. BACKGROUND

Plaintiff is a self-described "elected servant to the People of these United States." Am. Compl. (ECF No. 6) ¶ 1. The operative complaint (ECF No. 6) names 19 defendants, consisting of numerous current or governors of various states -

including former Pennsylvania Governor Tom Wolf, numerous other high-level officials of various states, the U.S. Secretary of Education, an Assistant Attorney General for the U.S. Office of Attorney General, the Democratic National Committee, the Republican National Committee, and leaders of those organizations.

The Amended Complaint is a collection of rambling paragraphs on a wide range of topics in no logical sequence. Among those topics are the state and federal government's response to the COVID-19 outbreak (¶¶ 3-5, 57-58), voting rights legislation and suppression (¶¶ 8-9, 48-55), the impeachment trial of former President Donald Trump (¶ 12), sexual harassment accusations against former New York Governor Andrew Cuomo and the former Chief of Staff for New York Attorney General Letita James (¶¶ 14-17), government oversight of nursing homes in New Jersey (pages 18-21, ¶¶ 41-45), and legislation regarding affordable housing developments in New Jersey (¶ 59 (spanning pages 51-58)).

The allegations specific to Defendant Wolf are scant.  He is identified as a participant in a "collective leadership structure" announced on April 13, 2020.  *Id.* ¶ 4. Defendant Wolf is also alleged to have changed the voting protocol and structure in Pennsylvania for the November 2020 election on the basis of the COVID-19 Emergency Authorization and judicial activism.  *Id.* ¶ 40.  By doing so, he "co-colluded in a manner as to subvert the executive, Donald John Trump." *Id.*

The Complaint concludes with Plaintiff seeking various forms of relief. Plaintiff seeks a declaration that the defendants have violated her Constitutional Rights under 42 U.S.C. § 1983, the Domestic Volunteer Service Act, and criminal statutes addressing human trafficking (18 U.S.C. §2422) and the theft, destruction, concealment, mutilation, or alteration of voting records (52 U.S.C. § 20702). *Id.* ¶¶ 60-61. Plaintiff also seeks an injunction in the form of (1) "enjoining the defendants from committing actions similar to those described herein in the future", (2) placement of Donald Trump on the November 2023 ballot, (3) removal of current President Joseph Biden from office, and (4) all voting be limited to in-person and by way paper ballot on the first Tuesday in November. *Id.* ¶¶ 62, 65, 66. Finally, Plaintiff seeks $8 trillion in compensatory and punitive damages. *Id.* ¶ 63.

### III.    STANDARD OF REVIEW

A defendant may move to dismiss a complaint under Rule 12(b)(1) where the district court lacks subject-matter jurisdiction over a claim. Fed. R. Civ. P. 12 (b)(1). The assertion of immunity under the Eleventh Amendment challenges the court's subject matter jurisdiction, and thus is properly raised under Rule 12(b)(1). *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996). In a facial challenge to subject-matter jurisdiction, in which the defendant attacks the sufficiency of a complaint, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most

3

favorable to the plaintiff." *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

A defendant may also move to dismiss a complaint under Rule 12(b)(2) where the court lacks personal jurisdiction over it. Fed. R. Civ. P. 12 (b)(2). "If an issue is raised as to whether a court lacks personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin,* 499 F.3d 290, 295-96 (3d Cir. 2007) (citation omitted).

Finally, a defendant may move to dismiss a complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). While a complaint need only contain a "short and plain statement" of the facts, *see* Fed. R. Civ. P. 8(a), it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* Although courts "must take all of the factual allegations in the complaint as true," they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*; *see also George v. Rehiel*, 738 F.3d 562, 583-84 (3d Cir. 2013). The "mere possibility of misconduct" is not enough; the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Assessing a complaint's sufficiency is "a context-dependent exercise"

4

because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

## IV. ARGUMENT

### A. Eleventh Amendment Immunity Bars the §1983 Claims Against Tom Wolf in his Official Capacity as Former Governor of Pennsylvania

It has been long established that the Eleventh Amendment of the United States Constitution bars all private lawsuits against non-consenting states in federal court. *Karns v. Shanahan*, 879 F.3d 504, 512 (3d Cir. 2018) (*citing Hans v. Louisiana*, 134 U.S. 1 (1890)). Eleventh Amendment immunity "is designed to preserve the delicate and 'proper balance between the supremacy of federal law and the separate sovereignty of the States.'" *Id.* (*quoting Alden v. Maine*, 527 U.S. 706, 757 (1999)). This immunity bars suits against the states and state agencies "regardless of the relief sought." *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). A claim against a state government official, in his or her official capacity, is "no different from a suit against the State itself" because it "is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Eleventh Amendment immunity can be waived in two ways. First, the state may voluntarily submit to federal jurisdiction. However, Pennsylvania has expressly withheld its consent to be sued. *Lavia v. Pa. Dep't of Corr.*, 224 F.3d

5

190, 195 (3d Cir. 2000) (*citing* 42 Pa. C.S. § 8521(b)). Second, Congress can, in certain circumstances, abrogate the states' immunity. However, Congress has not done so in enacting 42 U.S.C. § 1983, *see Will*, 491 U.S. at 66.

Thus, Plaintiff's § 1983 damages claims claims against the Pennsylvania DOC should be dismissed.

Plaintiff's claims for declaratory or injunctive relief are likewise not viable here. "Declaratory judgment is inappropriate solely to adjudicate past conduct," and is also not "meant simply to proclaim that one party is liable to another." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*); *Bullard v. Krasner*, No. 23-2984, 2023 WL 7110709, at *2 n. 5 (E.D. Pa. Oct. 27, 2023). Similarly, a request for an injunction based on speculation that the defendants will engage in similar conduct in the future conduct cannot proceed. *Miller v. Glen Mills Sch.*, No. 19-1292, 2019 WL 6877176, at *4 (E.D. Pa. Dec. 17, 2019) (*citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 & n.2 (1992)).

The remaining injunctive relief claims against Defendant Wolf fare no better. Plaintiff seeks to have the President of the United States removed from his position. But the governor of a state has no such power to do so and "[i]t well established that if the defendants have no power to redress the alleged injuries even if the court were to grant the requested relief, the plaintiff has no case or controversy against those particular defendants." *Ivester v. Sweeny*, No. 19-16559, 2022 WL 17733676, at *8 (D.N.J. Dec. 16, 2022) *(citing Scott v. DiGuglielmo*, 615

6

F. Supp.2d 368, 374 (E.D. Pa. 2009). Finally, the 2023 elections in Pennsylvania have already taken place. Accordingly, Plaintiff's demand for injunctive relief of placement of Donald Trump on the Pennsylvania ballot for a 2023 election is now moot.

Accordingly the Complaint fails to state any § 1983 claim against Defendant Wolf.

### B.  Plaintiff Cannot Pursue Claims Against Defendant Wolf Based Upon Criminal Statutes or the Domestic Volunteer Service Act

Plaintiff's claims based on alleged violations of a criminal statutes - 18 U.S.C. §2422 and 52 U.S.C. § 20702 –cannot be pursued by her through this civil action, because she lacks standing to do so. *See Brown v. State of Delaware & Affiliates*, No. 22-1286, 2023 WL 196675, at *2 (D. Del. Jan. 17, 2023) (dismissing plaintiff's civil claims based upon defendants alleged violation of 18 U.S.C. § 2422 due to lack of standing) (*citing Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996)); *Smith v. DeBoyer*, No. 2:22-CV-11572, 2022 WL 16641857, at *3 (E.D. Mich. Oct. 12, 2022), *report and recommendation adopted,* 2022 WL 16636928 (E.D. Mich. Nov. 2, 2022) (52 U.S.C. § 20702 is a criminal statute that does not provide for a private causes of action) (gathering cases). "Whether to prosecute, and what criminal charges to bring, are decisions that generally rest with the prosecutor." *Id. (citing United*

*States v. Batchelder*, 442 U.S. 114, 124 (1979)). "[C]riminal statutes generally do not give rise to a basis for civil liability." *Bullard v. Krasner*, No. 23-CV-2984, 2023 WL 7110709, at *2 (E.D. Pa. Oct. 27, 2023) (internal citations omitted)

To the extent Plaintiff seeks to bring a claim under the Domestic Volunteer Service Act 42 U.S.C. ¶ 5055(b), she cannot do so, as the Act simply does not provide for a private cause of action.

### C. This Court Lacks Personal Jurisdiction Over Defendant Wolf, Who Has Not Purposefully Availed Himself of the Laws of New Jersey

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 96 (3d Cir. 2004) (citations omitted). The long-arm statute of New Jersey "provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citations omitted). Under this well-established constitutional standard, a court has personal jurisdiction over a nonresident defendant only where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted).

A plaintiff can satisfy her burden by establishing either specific jurisdiction or general jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San*

8

*Francisco Cty.*, 582 U.S. 255, 261-62 (2017). For specific jurisdiction, "the ***suit*** must arise out of or relate to the defendant's contacts with the ***forum***." *Id.* at 262 (internal quotation marks, alterations, and citation omitted, emphasis in original). "In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (internal quotation marks, alterations, and citation omitted). Three conditions must be met for specific jurisdiction: (1) the defendant must have directed its conduct into the forum state or otherwise purposefully availed itself of the privilege of conducting activities within the forum; (2) the claim must arise out of or relate to the forum contact; and (3) the exercise of jurisdiction must be reasonable. *Id.* at 272 (*dissent*). By contrast, general jurisdiction lies where, although the claim itself does not connect to the forum, a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). When a forum has general jurisdiction over a corporate defendant, it means that a court in that forum can hear "any and all claims" against that defendant. *Id.*[1]

---

[1] Notably, since the modern standard was adopted in *International Shoe*, "specific jurisdiction has become the centerpiece of modern jurisdiction theory, while general jurisdiction plays a reduced role." *Goodyear*, 564 U.S. at 925 (quoting Twitchell, *The Myth of General Jurisdiction*, 101 Harv. L. Rev. 610, 628 (1988)).

Here, Plaintiff cannot establish the requisite purposeful minimum contacts between Defendant Wolf and New Jersey. Plaintiff alleges that Defendant Wolf was one of a number of state governors to join a COVID-19 related "coalition." The only connection to New Jersey is that its governor joined the same coalition. Defendant Wolf did not direct any conduct toward New Jersey or otherwise purposefully availed himself the laws of New Jersey. Meanwhile, Defendant Wolf's alleged changes to the voting protocol and structure *in Pennsylvania* does not establish any contacts with New Jersey. *See O'Rourke v. Dominion Voting Sys. Inc.*, 552 F. Supp. 3d 1168, 1184 (D. Colo. 2021), *modified on reconsideration on other grounds*, No. 20-03747, 2021 WL 5548129 (Oct. 5, 2021), *appeal dismissed*, No. 21-1394, 2021 WL 8317149 (10th Cir. Dec. 23, 2021) ("it would be to a first-year civil procedure student that there was no legal or factual basis to assert personal jurisdiction *in Colorado* for actions taken by sister states' governors, secretaries of state, or other election officials, in those officials' home states.") Defendant Wolf thus cannot be subjected to personal jurisdiction in New Jersey, including New Jersey federal court.[2]

---

[2] Plaintiff has not and cannot allege a basis in law or fact to establish general jurisdiction of New Jersey over the governor of Pennsylvania. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (noting the rarity and high bar for general jurisdiction).

Because this Court lacks personal jurisdiction over any claim against Defendant Wolf, all claims against him should be dismissed.

## V.  CONCLUSION

Wherefore, this Court should dismiss all claims against former Pennsylvania Governor Tom Wolf.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | COMMONWEALTH OF PA<br>OFFICE OF ATTORNEY GENERAL |
| Dated:  November 28, 2023 | By:   */s/ Kevin Bradford*<br>Kevin R. Bradford<br>Senior Deputy Attorney General<br>Attorney-in-Charge<br>Attorney I.D. No. 027122001<br>1600 Arch Street, 3rd Floor<br>Philadelphia, PA 19103<br>(267) 374-5450<br>kbradford@attorneygeneral.gov |
|  | *Counsel for Defendant Tom Wolf* |