ANDREA JOY CAMPBELL
ATTORNEY GENERAL OF MASSACHUSETTS
One Ashburton Place, 20th Floor
Boston, MA 02108
*Attorney for Charlie Baker, in his Official Capacity as [Former] Governor of Massachusetts*

By:   Ashley Gagnon (NJ ID # 076882013)
      Assistant Attorney General
      617-963-2235
      ashley.gagnon@mass.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MARY BASILE LOGAN,** | **No. 3:23-CV-21174** |
| *Plaintiff,* | **Hon. Zahid N. Quraishi, J.** |
|  | **Hon. Tonianne J. Bongiovanni, M.J.** |
| **v.** | **MEMORANDUM OF LAW IN SUPPORT OF DEF. CHARLIE BAKER'S MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 8, 12(b)(1), 12(b)(2), AND 12(b)(6)** |
| **NED LAMONT,** *et al.,* |  |
| *Defendants.* | **MOTION DAY: JAN. 16, 2024** |

## TABLE OF CONTENTS

INTRODUCTION ................................................................................... 1

FACTS ALLEGED IN COMPLAINT ................................................... 2

STANDARD OF REVIEW ..................................................................... 5

ARGUMENT ........................................................................................... 7

    I. ELEVENTH AMENDMENT SOVERIGN IMMUNITY BARS
    PLAINTIFF'S CLAIMS AGAINST GOVERNOR BAKER AND THE
    CLAIMS SHOULD BE DISMISSED FOR LACK OF SUBJECT
    MATTER JURISDICTION .......................................................... 7

    II. DISMISSAL IS APPROPRIATE FOR THE ADDITIONAL
    REASON THAT THIS COURT LACKS PERSONAL
    JURISDICTION OVER GOVERNOR BAKER ........................................ 11

    III. DISMISSAL IS ALSO APPROPRIATE BECAUSE THE
    COMPLAINT FAILS TO SATISFY THE PLEADING
    REQUIREMENT OF FED. R. CIV. P. 8 .................................................. 15

    IV. DISMISSAL IS APPROPRIATE FOR THE ADDITIONAL
    REASON THAT THE COMPLAINT FAILS TO STATE A CLAIM
    AGAINST GOVERNOR BAKER ............................................................. 17

CONCLUSION ...................................................................................... 20

# TABLE OF AUTHORITIES

## Cases

*Arunachalam v. Apple, Inc.*,
    806 F. App'x 977 (Fed. Cir. 2020).....................................................................19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).......................................................................................17

*Ayyadurai v. Galvin*,
    560 F. Supp. 3d 406 (D. Mass. 2021)..............................................................18

*Bd. of Trustees of Univ. of Ala. v. Garrett*,
    531 U.S. 356 (2001).........................................................................................7

*Beatty v. Warner*,
    198 F. App'x 584 (9th Cir. 2006) ...................................................................14

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................6, 17

*Blanciak v. Allegheny Ludlum Corp.*,
    77 F.3d 690 (3d Cir. 1996) ..............................................................................5

*Bradley v. West Chester U. of the Pa. St. Sys. Higher Educ.*,
    2015 WL 8468563 (E.D. Pa. Dec. 9, 2015) ....................................................5

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985).......................................................................................14

*Carteret Sav. Bank v. Shushan*,
    954 F.2d 141 (3d Cir. 1992) ...........................................................................6

*Coniker v. Monfortoh*,
 2023 WL 7411531 (3d Cir. Nov. 9, 2023) ....................................................16

*Control Screening LLC v. Tech. Application & Prod. Co. (Tecapro), HCMC-Vietnam*,
 687 F.3d 163 (3d Cir. 2012) ..........................................................................12

*Corliss v. O'Brien*,
 200 F. App'x 80 (3d Cir. 2006)......................................................................10

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014)........................................................................................13

*Doug Grant, Inc. v. Greate Bay Casino Corp.*,
 232 F.3d 173 (3d Cir. 2000) ............................................................................6

*Eisenstein v. Whitman*,
 4 F. App'x 24 (2d Cir. 2001)..........................................................................14

*Ellis v. Horn*,
 37 F. App'x 38 (3d Cir. 2002)........................................................................19

*Ex parte Young*,
 209 U.S. 123 (1908)........................................................................................10

*Franchise Tax Bd. of California v. Hyatt*,
 139 S.Ct. 1485 (2019)....................................................................................13

*Garrett v. Wexford Health*,
 938 F.3d 69 (3d Cir. 2019) ...................................................................... 15, 16

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
 564 U.S. 915 (2011)........................................................................................12

iv

*Gould Electronics Inc. v. U.S.*,
     220 F.3d 169 (3d Cir. 2000) ............................................................5

*Int'l Shoe Co. v. Washington*,
     326 U.S. 310 (1945)........................................................................12

*Ivester v. Sweeny*,
     2022 WL 17733676 (D.N.J. Dec. 16, 2022) .................................11

*Kamdem-Ouaffo v. Huczko*,
     810 F. App'x 82 (3d Cir. 2020)................................................ 15, 16

*Kentucky v. Graham*,
     473 U.S. 159 (1985).........................................................................8

*Marten v. Godwin*,
     499 F.3d 290 (3d Cir. 2007) ..........................................................13

*Mathis v. Carney*,
     2023 WL 2422181 (W.D. Pa. Mar. 9, 2023)...................................7

*Miller v. Glen Mills Sch.*,
     2019 WL 6877176 (E.D. Pa. Dec. 17, 2019) .................................11

*Morse v. Lower Merion Sch. Dist.*,
     132 F.3d 902 (3d Cir. 1997) ............................................................6

*Nance v. Ward*,
     597 U.S. 159 (2022)........................................................................10

*O'Rourke v. Dominion Voting Sys. Inc.*,
     552 F. Supp. 3d 1168 (D. Colo. 2021) ...........................................15

*Patterson by Patterson v. F.B.I.*,
    893 F.2d 595 (3d Cir. 1990) ............................................................................6

*Pennhurst State Sch. & Hosp. v. Halderman*,
    465 U.S. 89 (1984).........................................................................................8

*Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*,
    297 F.3d 310 (3d Cir. 2002) .....................................................................8, 9

*Phillips v. Cty. Of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ..........................................................................16

*Pirtle v. Nago*,
    2022 WL 3915570 (D. Haw. Aug. 31, 2022)..................................................18

*Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*,
    819 F.2d 434 (3d Cir. 1987) ............................................................................6

*Regan v. Loewenstein*,
    292 F. App'x 200 (3d Cir. 2008)......................................................................6

*Salahuddin v. Cuomo*,
    861 F.2d 40 (2d Cir. 1988) ............................................................................15

*Sixth Angel Shepherd Rescue Inc. v. West*,
    790 F. Supp. 2d 339 (E.D. Pa. 2011)..............................................................5

*Smith v. DeBoyer*,
    2022 WL 16641857 (E.D. Mich. Oct. 12, 2022).........................................18

*Stampone v. Fopma*,
    567 F. App'x 69 (3d Cir. 2014)....................................................................14

*Ulrich v. Corbett*,
   614 F. App'x 572 (3d Cir. 2015)......................................................................9

*U.S., ex rel. Stafford v. Luongo*,
   1989 WL 45910 (E.D. Pa. Apr. 19, 1989)......................................................18

*Will v. Mich. Dep't of State Police*,
   491 U.S. 58 (1989)........................................................................ 2, 8, 10, 19

**Constitutional Provisions and Statutes**

U.S. CONST. AMEND. XI ......................................................................................7

18 U.S.C. § 2422……………………………………………………………… 18

42 U.S.C. § 1983 ..................................................................................... 9, 10, 19

42 U.S.C. § 4950……………………………………………………………… 19

52 U.S.C. § 20702……………………………………………………………….. 18

**Federal Rules**

Fed. R. Civ. P. 8..............................................................................................1, 15

Fed. R. Civ. P. 12 ........................................................................... *passim*

Fed. R. Civ. P. 25 .................................................................................. 2

## <u>INTRODUCTION</u>

Defendant Charlie Baker, in his official capacity as former Governor of Massachusetts ("Governor Baker"), respectfully submits this memorandum of law in support of his motion to dismiss Plaintiff's Amended Complaint (ECF 6 ("Am. Compl.")) pursuant to Fed. R. Civ. P. 8, 12(b)(1), 12(b)(2), and 12(b)(6).

*Pro se* Plaintiff Mary Basile Logan appears to seek the removal of President Biden, $8 billion in damages, and other forms of far-fetched relief based upon a series of confusing allegations regarding the COVID-19 pandemic, New Jersey nursing homes, and the 2020 presidential election.  But while the Amended Complaint is difficult to decipher, there is no question that the claims against Governor Baker suffer from multiple fatal flaws requiring dismissal.  First, subject matter jurisdiction is absent because Eleventh Amendment sovereign immunity bars Plaintiff's claims.  Second, personal jurisdiction is lacking because the Commonwealth of Massachusetts is not "at home" in New Jersey and the Amended Complaint fails to allege that Governor Baker took any actions in or directed at New Jersey that gave rise to the alleged claims at issue here.  Finally, even beyond these insurmountable jurisdictional defects, the Amended Complaint is also subject to dismissal because it fails to comply with Rule 8's pleading requirements and, even under the most liberal reading, fails to state a claim against Governor Baker upon which relief may be granted.

1

Accordingly, and as more fully explained below, Governor Baker respectfully requests that the Court grant his motion and dismiss all claims against him with prejudice.

## FACTS ALLEGED IN COMPLAINT

Plaintiff, a New Jersey resident, brings this action against 19 defendants, including Governor Baker and nine other state governors and former governors, various New Jersey and federal officials, and the Democratic and Republican National Committees. *See* Am. Compl. at 15, ¶ 26.[1] Governor Baker (along with all other named officials) is expressly sued in his official capacity only. *Id.* at 18, ¶ 29 (naming as a party "CHARLIE BAKER, serving in his official capacity as Governor of Massachusetts").[2]

The 60-page Amended Complaint is prolix and incoherent. It staggers

---

[1] Citations to the Amended Complaint are provided with both page and paragraph references because the paragraphs of the Amended Complaint are inconsistently numbered.

[2] Although Governor Baker's tenure as the 72nd Governor of Massachusetts ended January 5, 2023, the Amended Complaint names him as a defendant in his official capacity as Governor rather than naming his successor, current Governor Maura Healey. *See* Am. Compl. at 18, ¶ 29. Fed. R. Civ. P. 25(d) provides that "an action does not abate when a public officer who is a party in an official capacity … ceases to hold office"—instead, "[t]he officer's successor is automatically substituted as a party" and "proceedings should be in the substituted party's name." In any event, this naming error is immaterial to the issues presented in this motion because a suit against the Governor of Massachusetts in their official capacity "is not a suit against the official but rather is a suit against the official's office" and, accordingly, "is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

through a range of disparate topics without any logical sequence or connection, including (as best as can be understood): state and federal responses to the COVID-19 pandemic (*id.* at 4-8, ¶¶ 3-5, 7); New Jersey nursing homes and a 2018 "outbreak of adenovirus" in Haskell, New Jersey (*id.* at 8, 12-13, 41-47, ¶¶ 8-9, 18-21, 46-47); the 2020 presidential election, voting issues, and a 1982 consent degree involving the Democratic and Republican National Committees (*id.* at 47-51, ¶¶ 48-55); and "NGO's, 501c(3) and their Friends" (*id.* at 51-59, ¶¶ 56-59). Plaintiff also includes vague, unadorned allegations of wrongdoing, such as asserting that unspecified defendants' "desire for power, political or otherwise[,] consumed them at every level, and as a consequence the People were harmed, gravely." *Id.* at 46. Despite its many pages, the Amended Complaint never explains what particular legal claims Plaintiff may be attempting to assert, what harms (if any) befell her, or what precisely she contends caused any such harms.

The specific allegations against Governor Baker are few and thin; indeed, he is mentioned just three times across the 120 pages of the Amended Complaint and its exhibits. First, the Amended Complaint alleges that Governor Baker held a "Coronavirus Press Conference" in March 2020 (*id.* at 6, ¶ 5) and that, in April of 2020, he and other state governors "created a collective leadership structure" (*id.* at 5, ¶ 4).[3] Second, the Amended Complaint alleges (without elaboration) that

---

[3] Plaintiff also alleges that the "National Governors Association met in

Governor Baker "changed the voting protocol and structure in the State of Massachusetts for the November 2020 election." *Id.* at 18, ¶ 29. Third, the Amended Complaint contains a series of vague, conclusory allegations regarding Governor Baker, including that he was "a primary actor" in an unspecified "covert schema [sic] under mask of COVID-19" and "co-colluded … to subvert the Executive, Donald John Trump." *Id.* at 18-19, ¶ 29. The Amended Complaint then asserts (without explanation) that these actions somehow violated several presidential executive orders and federal statutes (regarding, inter alia, voting records, volunteerism, human trafficking, and civil rights); the "[s]eparation of [c]hurch and [s]tate;" and the commerce clause and treason provisions of the U.S. Constitution. *Id.*[4]

For relief, Plaintiff seeks (1) $8 billion "in compensatory and punitive damages" (*id.* at 60, ¶ 63); (2) a declaration that the Defendants violated various federal laws and the Constitution (*id.* at 59-60, ¶¶ 60-61); and (3) an injunction

---

Washington, D.C." in February of 2020, though the Complaint does not allege attendance by Governor Baker. *See* Am. Compl. at 10, ¶ 11.

[4] The Amended Complaint specifically mentions Executive Order 12333 (concerning U.S. intelligence activities), Executive Order 13977 (concerning protection of law enforcement officers, judges, prosecutors, and their families), Executive Order 13979 (concerning agency rulemaking), and Executive Order 13848 (concerning sanctions for foreign interference in U.S. elections). It also refers to 52 U.S.C. § 20702 (concerning penalties for destroying federal election records), 42 U.S.C. § 4950 (concerning the Domestic Volunteer Service Act of 1973), 18 U.S.C. § 2422 (concerning penalties for coercing or enticing criminal sexual activity), and the Civil Rights Act of 1964.

"enjoining the defendants from committing actions similar to those described" in the Amended Complaint (*id.* at 60, ¶ 62). Plaintiff also demands that "voting be in person by paper ballot" on "the first Tuesday or November;" that "Donald John Trump be placed on the November, 2023 [sic] ballot;" and that "Joseph R. Biden be removed as Executive of these United States." *Id.* at 60, ¶¶ 65-66.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) requires the court to dismiss a complaint when subject matter jurisdiction is absent. "[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n. 2 (3d Cir. 1996). Accordingly, "Rule 12(b)(1) serves as the proper means by which to challenge the propriety of federal jurisdiction by reason of the Eleventh Amendment." *Bradley v. West Chester U. of the Pa. St. Sys. Higher Educ.*, No. 15-2681, 2015 WL 8468563, at *2 (E.D. Pa. Dec. 9, 2015). When the Eleventh Amendment jurisdictional bar is asserted, courts treat it as so-called "facial challenge," *Sixth Angel Shepherd Rescue Inc. v. West*, 790 F. Supp. 2d 339, 349 (E.D. Pa. 2011), and, accordingly, "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000).

Fed. R. Civ. P. 12(b)(2) requires dismissal when a court lacks personal

jurisdiction over a defendant.  "When a defendant challenges personal jurisdiction, the plaintiff has the burden of proof to establish 'jurisdictional facts through sworn affidavits or other competent evidence'." *Regan v. Loewenstein*, 292 F. App'x 200 (3d Cir. 2008) (quoting *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990)); *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 146 (3d Cir.1992) ("[T]he plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction.").  At a minimum, a plaintiff must make a prima facie case by "establishing with reasonable particularity" that personal jurisdiction exists. *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (citation omitted).

Finally, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, the "[f]actual allegations" in the complaint "must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true[.]" *Id.*  The court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or a plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  "A complaint that merely alleges

entitlement to relief, without alleging facts that show entitlement, must be dismissed." *Mathis v. Carney*, No. 2:21-CV-01573-CRE, 2023 WL 2873298, at *3 (W.D. Pa. Jan. 6, 2023), *report and recommendation adopted*, No. CV 21-1573, 2023 WL 2423575 (W.D. Pa. Mar. 9, 2023).

## **ARGUMENT**

## I. **ELEVENTH AMENDMENT SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST GOVERNOR BAKER AND THE CLAIMS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

First, the claims against Governor Baker must be dismissed for lack of subject matter jurisdiction because the Commonwealth of Massachusetts retains sovereign immunity from these claims under the Eleventh Amendment to the United States Constitution.

In brief, the Eleventh Amendment forbids the bringing of a federal court action by a private party against a state or, as relevant here, a state official acting in their official capacity. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court.").[5] The Eleventh Amendment is a "jurisdictional bar" that "applies regardless of the

---

[5] The Eleventh Amendment states, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. CONST. AMEND. XI.

nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  And as noted above, a plaintiff may not escape the Eleventh Amendment by naming a state official in their official capacity as a defendant rather than the state itself.  That is because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which the officer is an agent."); *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) ("[T]he Eleventh Amendment … render[s] states—and, by extension, state agencies and departments and officials when the state is the real party in interest— generally immune from suit by private parties in federal court.").

Here, the Eleventh Amendment applies because Plaintiff, a private citizen, expressly brings this federal court action against Governor Baker only in his official capacity as the (former) governor of Massachusetts.  Am. Compl. at 18, ¶ 29 (naming as a party "CHARLIE BAKER, serving in his official capacity as Governor of Massachusetts").[6]  Accordingly, Plaintiff's claims against Governor

---

[6] Moreover, there is no basis to construe the Amended Complaint as intending to name Governor Baker in his individual capacity, because the pleading contains no well-plead allegations as to any action taken by Governor Baker outside his official

Baker are barred due to sovereign immunity and dismissal is required.  *See, e.g.*, *Ulrich v. Corbett*, 614 F. App'x 572, 574 (3d Cir. 2015) ("[T]he governors enjoy Eleventh Amendment immunity from suit for acts taken in their official capacities.").[7]

Finally, no exception to Eleventh Amendment sovereign immunity applies here.[8]  To begin, the Commonwealth of Massachusetts has not unambiguously waived its sovereign immunity or consented to be sued in federal court on any of Plaintiff's putative claims; Plaintiff has not (and cannot) plead otherwise.  Nor does the Amended Complaint identify any congressional legislation that explicitly and unmistakably overrides Massachusetts' Eleventh Amendment immunity.  To the contrary, Congress expressly did not do so in passing 42 U.S.C. § 1983, the statute which Plaintiff appears to be invoking when she vaguely asserts various constitutional or civil rights harms.  *Will*, 491 U.S. at 67 ("We cannot conclude that

---

duties.  Instead, the only allegations concern Governor Baker's official acts, such as holding press conferences, working with other governors, and signing legislation. Am. Compl. at 5-6, 18 ¶¶ 4-5, 29.

[7] Indeed, the Amended Complaint appears to acknowledge that the Eleventh Amendment bars its claims against various state officials.  *See* Am. Compl. at 14, ¶ 25 ("Plaintiff gathers with voices in prayer over the Judiciary as to State Sovereign Immunity Doctrine (Eleventh Amendment) ….").

[8] There are "three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).

§ 1983 was intended to disregard the well-established immunity of a State from being sued without its consent.").[9]  Lastly, Plaintiff's prayer for certain forms of declaratory and injunctive relief also cannot save her claims.  *See Ex parte Young*, 209 U.S. 123 (1908).  The Amended Complaint does not contain any claim for "prospective" declaratory relief that would come under the *Ex parte Young* exception.  Instead, it explicitly seeks a declaration that (unspecified) defendants' past actions violated various federal statutes or the Constitution.  *See* Am. Compl. at 59-60, ¶¶ 60-61.[10]  Nor does Plaintiff seek "prospective injunctive [or] declaratory relief to end an ongoing violation of federal law" that would permit her suit against Governor Baker to proceed under *Ex parte Young*.  *See Hess*, 297 F.3d at 323.  On the contrary, the Amended Complaint requests injunctive relief that is either moot or concerns matters clearly outside the power of the Governor of Massachusetts.  *See* Am. Compl. at 60, ¶¶ 65-66 (requesting, e.g., that "Joseph R.

---

[9] Although the Amended Complaint does not appear to specifically invoke § 1983, that statute would be the appropriate vehicle for Plaintiff's putative constitutional or civil rights claims (were they not barred for the reasons set forth in this motion). *Nance v. Ward*, 597 U.S. 159, 167 (2022) ("Section 1983 broadly authorizes suit against state officials for the "deprivation of any rights" secured by the Constitution.") (quoting 42 U.S.C. § 1983).

[10] Furthermore, the Amended Complaint does not seek declaratory relief "in the true legal sense" because Plaintiff merely "asks that the District Court 'declare' that h[er] constitutional" and statutory "rights were violated."  *Corliss v. O'Brien,* 200 F. App'x 80, 84 (3d Cir. 2006); *see* Am. Compl. at 59-60, ¶¶ 60-61.  The Third Circuit has held that "declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant to simply proclaim that one party is liable to another."  *Id.*

Biden be removed as Executive;" that "Trump be placed on the November, 2023 [sic] ballot;" that "voting be returned to one day … in person by paper ballot … to be hand counted"). Such requests cannot evade the Eleventh Amendment jurisdictional bar. *See Ivester v. Sweeny*, No. 19-16559, 2022 WL 17733676, at *8 (D.N.J. Dec. 16, 2022) ("It well established that if the defendants have no power to redress the alleged injuries even if the court were to grant the requested relief, the plaintiff has no case or controversy[.]").[11]

*   *   *

Because all of Plaintiff's putative claims against Governor Baker are barred by the Eleventh Amendment, this court lacks subject matter jurisdiction and must dismiss the case against Governor Baker with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

## II. DISMISSAL IS APPROPRIATE FOR THE ADDITIONAL REASON THAT THIS COURT LACKS PERSONAL JURISDICTION OVER GOVERNOR BAKER

In addition to the Commonwealth's sovereign immunity, dismissal of the claims against Governor Baker is also appropriate for lack of personal jurisdiction. Courts in the Third Circuit and across the country have consistently dismissed

---

[11] Plaintiff's amorphous request that the Court "enjoin[] the defendants from committing actions similar to those described herein" (Am. Compl. at 60, ¶ 62) is also insufficient, at least because it fails to identify any alleged ongoing violation of federal law and, moreover, is too speculative to proceed. *See Miller v. Glen Mills Sch.*, No. 19-1292, 2019 WL 6877176, at *4 (E.D. Pa. Dec. 17, 2019).

claims against out-of-state government officials for lack of personal jurisdiction when, as here, the out-of-state official is not alleged to have taken any actions whatsoever in, or directed to, the forum state.  *See infra* pp. 14-15 (collecting cases).

"Under New Jersey's analog to a long-arm statute, N.J. Court Rule 4:4–4, a district court may assert personal jurisdiction over nonresidents to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Control Screening LLC v. Tech. Application & Prod. Co. (Tecapro), HCMC-Vietnam*, 687 F.3d 163, 167 (3d Cir. 2012).  In particular, personal jurisdiction is proper only where the nonresident defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted).

Personal jurisdiction may be either general or specific.  General jurisdiction is present only where the defendant's contacts with the state are "so continuous and systematic as to render them essentially at home in the forum State" such that the forum can hear "any and all claims" against the defendant.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted).  To establish specific jurisdiction, on the other hand, a plaintiff must prove: (1) the defendant has purposefully directed their activities at the forum; (2)

the claims against the defendant arise out of or relate to at least one of those activities, and (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

Here, Plaintiff does not (and cannot) allege facts to establish personal jurisdiction over Governor Baker under any theory.  General jurisdiction is clearly absent:  nothing in the Amended Complaint remotely suggests that Governor Baker (*i.e.*, the Office of the Governor of the Commonwealth of Massachusetts and the Commonwealth itself) is "at home" in New Jersey such that any claim against Massachusetts could be filed in this forum.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (general jurisdiction is rare and ordinarily limited to individual's state-of-domicile or corporation's state-of-incorporation); *cf. Franchise Tax Bd. of California v. Hyatt*, 139 S. Ct. 1485, 1492 (2019) ("States retain their sovereign immunity from private suits brought in the courts of other States.").  And as to specific jurisdiction, the Amended Complaint fails to allege that Governor Baker took any action in or directed at New Jersey—much less connect such an action to a claim for relief or demonstrate how exercising jurisdiction over the Commonwealth here would comport with fair play and substantial justice.  Rather, the Amended Complaint alleges that Governor Baker took certain actions exclusively in Massachusetts.  Am. Compl. at 5-6, 18 ¶¶ 4-5, 29 (alleging that

Governor Baker held a press conference regarding COVID-19, joined a coalition of other governors regarding reopening after COVID-19, and signed voting legislation for "the State of Massachusetts").  As such, nothing in the Amended Complaint suggests that the Commonwealth specifically availed itself of the laws of New Jersey or that Governor Baker's "conduct and connection with [New Jersey] are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (internal quotations marks omitted).

Because Plaintiff cannot establish that this Court possesses personal jurisdiction over Governor Baker, dismissal is required under Fed. R. Civ. P. 12(b)(2).  The Third Circuit and other Courts of Appeals have repeatedly affirmed the dismissal of claims against out-of-state government officials for lack of personal jurisdiction in similar circumstances.  *See, e.g.*, *Stampone v. Fopma*, 567 F. App'x 69, 70 (3d Cir. 2014) (affirming dismissal of pro se complaint filed in D.N.J. against State of Michigan, Michigan Attorney General, and other defendants for lack of personal jurisdiction); *Beatty v. Warner*, 198 F. App'x 584, 587 (9th Cir. 2006) (affirming dismissal of pro se complaint filed in D. Haw. against Governor of Virginia, Governor of North Carolina, and other defendants for lack of personal jurisdiction); *Eisenstein v. Whitman*, 4 F. App'x 24, 26 (2d Cir. 2001) (affirming dismissal of pro se complaint filed in S.D.N.Y. against Governor

14

of Florida, Governor of New Jersey, and other defendants for lack of personal jurisdiction); *see also O'Rourke v. Dominion Voting Sys. Inc.*, 552 F. Supp. 3d 1168, 1184 (D. Colo. 2021) ("It should have been … obvious … that there was no legal or factual basis to assert personal jurisdiction *in Colorado* for actions taken by sister states' governors … in those officials' home states") (emphasis in original), *modified on reconsideration on other grounds*, No. 20-03747, 2021 WL 5548129 (D. Colo. Oct. 5, 2021).

## III. DISMISSAL IS ALSO APPROPRIATE BECAUSE THE COMPLAINT FAILS TO SATISFY THE PLEADING REQUIREMENT OF FED. R. CIV. P. 8

This Court should also dismiss the Amended Complaint because it fails to meet the minimum requirements of Fed. R. Civ. P. 8.  Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable [them] to answer and prepare for trial." *Kamdem-Ouaffo v. Huczko*, 810 F. App'x 82, 84 (3d Cir. 2020) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).  As such, the "plain statement requirement … prompts [the court] to ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by the[] defendants in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019)

(internal quotation marks omitted); *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (pleading must provide defendant "fair notice of what the … claim is and the grounds upon which it rests"). When these requirements are unmet, "[a] complaint may permissibly be dismissed based on Rule 8 noncompliance." *Kamdem-Ouaffo*, 810 F. App'x at 84.

The Amended Complaint does not satisfy Rule 8. As described *supra* pp. 2-5, the pleading—even generously read and liberally construed—is so disjointed and unclear that it defies understanding. Although it spans over 120 pages including exhibits, the Amended Complaint fails to articulate how Plaintiff was harmed (if at all), does not comprehensibly explain what Governor Baker allegedly did to contribute to that harm (if anything), and fails to state how those actions might be connected to any of Plaintiff's outlandish claims for relief. As such, Rule 8 provides an alternative and independently sufficient basis for dismissal here. *See, e.g.*, *Garrett*, 938 F.3d at 93 ("[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."); *Coniker v. Monfortoh*, No. 23-1507, 2023 WL 7411531, at *2 (3d Cir. Nov. 9, 2023) (dismissal of pro se complaint appropriate under Rule 8 where pleading was "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, [wa]s well disguised").

## IV.   DISMISSAL IS APPROPRIATE FOR THE ADDITIONAL REASON THAT THE COMPLAINT FAILS TO STATE A CLAIM AGAINST GOVERNOR BAKER

Finally, even beyond the jurisdictional and pleading defects discussed *supra*, the Amended Complaint is fatally deficient in numerous other respects that warrant dismissal with prejudice under Fed. R. Civ. P. 12(b)(6).

To begin, the few coherent allegations regarding Governor Baker, taken as true, simply fail to state any claim for relief that is plausible on its face.   The Amended Complaint merely alleges that, in response to the COVID-19 pandemic, Governor Baker held press conferences (Am. Compl. at 6, ¶ 5), worked with other governors on a "collective leadership structure" (*id.* at 5, ¶ 4), and signed voting legislation into law (*id.* at 18 ¶ 29).   None of these straightforward actions forms a basis for liability, and the Amended Complaint fails to connect any of these allegations to a legally cognizable claim for relief.   Furthermore, Plaintiff's remaining allegations regarding Governor Baker—*e.g.*, that he "eviscerate[ed] his attestation to" the Constitution or "abett[ed] a cover[t] and overt scheme … surrounding COVID-19 … so as to subvert … Donald John Trump" (*id.*)—are exactly the type of unadorned, conclusory allegations that must be disregarded on a Rule 12(b)(6) motion to dismiss.   *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Twombly*, 550

U.S. at 545 ("[A] plaintiff's obligation to provide the 'grounds' of [their] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (third alteration in original).  Accordingly, because the allegations regarding Governor Baker are insufficient to state a plausible claim for relief, dismissal under Rule 12(b)(6) is warranted.

Additionally, to the extent Plaintiff's reference to 18 U.S.C. § 2422 and 52 U.S.C. § 20702 represent an attempt to assert claims against Governor Baker under either law (*see* Am. Compl. at 19, ¶ 29), those claims fail because these are criminal statutes which do not provide a private right of action or civil liability. *Smith v. DeBoyer*, No. 2:22-CV-11572, 2022 WL 16641857, at *3 (E.D. Mich. Oct. 12, 2022) (52 U.S.C. § 20702 is a criminal statute that does not provide for a private cause of action), *report and recommendation adopted*, 2022 WL 16636928 (E.D. Mich. Nov. 2, 2022); *Pirtle v. Nago*, No. 22-00381, 2022 WL 3915570, at *3 (D. Haw. Aug. 31, 2022) ("52 U.S.C. § 20701 does not confer a private right of action."); *Ayyadurai v. Galvin*, 560 F. Supp. 3d 406, 409 (D. Mass. 2021) (plaintiff "failed to plead a plausible claim for which relief could be granted because … 52 U.S.C. §§ 20701-20702 … do not provide a private right of action"); *U.S., ex rel. Stafford v. Luongo*, No. CIV. A. 85-1642, 1989 WL 45910, at *2 (E.D. Pa. Apr. 19, 1989) ("[P]laintiff's claims under Title 18 of the United States Code are

dismissed as frivolous …. Title 18 is a federal criminal statute which does not create civil liability or a private right of action.").[12]   In the same vein, Plaintiff cannot maintain a claim under 42 U.S.C. § 4950 (*see* Am. Compl. at 19, ¶ 29) because that statute (which concerns the Domestic Volunteer Service Act of 1973) also does not provide a private right of action.   So too for the Amended Complaint's references to "treason."   *Arunachalam v. Apple, Inc.*, 806 F. App'x 977, 981 (Fed. Cir. 2020) (affirming dismissal of treason claim for lack of standing).

Finally, to the extent the Amended Complaint's references to alleged constitutional violations or deprivations of rights suggest an attempt to assert civil rights claims under 42 U.S.C. § 1983 (*see, e.g.*, Am. Compl. at 59-60, ¶¶ 60-61), those claims would also fail because the Commonwealth and its officials in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983.  *Will*, 491 U.S. at 71; *Ellis v. Horn*, 37 F. App'x 38, 39 (3d Cir. 2002) ("[A]n individual state official, sued for damages in his official capacity, is not a person within the meaning of 42 U.S.C. § 1983[.]").

In sum, even if Plaintiff could overcome the insurmountable jurisdictional

---

[12] Of course, the Amended Complaint is also wholly devoid of any allegation that Governor Baker (or any defendant) engaged in conduct even remotely connected to the subject matter of these statutes (*i.e.*, destruction of federal election records and enticement of criminal sexual activity).

hurdles that plague her pleading (she cannot), and regardless of the legal claim(s) Plaintiff purports to bring, the Amended Complaint is entirely devoid of plausible factual content that does, or could, state a claim against Governor Baker.

## **CONCLUSION**

For the foregoing reasons, Governor Baker respectfully requests that his motion be granted and all claims against him be dismissed with prejudice.

Respectfully submitted,

CHARLIE BAKER, IN HIS OFFICIAL
CAPACITY AS [FORMER] GOVERNOR OF
MASSACHUSETTS

By his Attorneys,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Ashley Gagnon*
Ashley Gagnon, (NJ ID # 076882013)
Assistant Attorney General
One Ashburton Place
Boston, MA 02108
617-963-2235
ashley.gagnon@mass.gov

Date: December 18, 2023