Mary B. Logan
Plaintiff, *Pro-Se*
Post Office Box 5237
Clinton, New Jersey 08809

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY BASILE LOGAN, | |
| Plaintiff, | INDEX NO.: 3:23-cv-21174 (ZNQ)(TJB) |
| NED LAMONT, in his official capacity as Governor of Connecticut, et al., | |
| Defendants, | |

### PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

Defendant, DEMOCRATIC NATIONAL COMMITTEE ("DNC") has filed a Motion to Dismiss ("Motion") based on Federal Rules of Civil Procedure 8; 8(a); 8(a)(2); 12(b)(1); 12(b)(6); 15(a) and 15(a)(2). *See* Dkt. 27. Plaintiff opposes the Motion. Motion was filed on November 30, 2023.

Defendants, KATHY HOCHUL and LETITIA JAMES have filed a joint Motion to Dismiss ("Motion") based on Federal Rules of Civil Procedure 4(k)(1)(A); 8; 12(b)(1); and 12(b)(2). *See* Dkt. 22. Plaintiff opposes the Motion. Motion was filed November 28, 2023.

Defendant, CHARLIE BAKER has filed a Motion to Dismiss ("Motion") based on Federal Rules of Civil Procedure 8; 12; and 25. *See* Dkt. 46. Plaintiff opposes the Motion. Motion was filed on December 18, 2023.

Defendant, TOM WOLF has filed a Motion to Dismiss ("Motion") based on Federal Rules of Civil Procedure 8(a); 12(b)(1); 12(b)(2); and 12(b)(6).  *See* Dkt. 23.  Plaintiff opposes the Motion.  Motion was filed on November 28, 2023.

Defendant, REPUBLICAN NATIONAL COMMITTEE ("RNC") has filed a Motion to Dismiss ("Motion") based on Federal Rules of Civil Procedure 12(b)(1).  *See* Dkt. 47.  Plaintiff opposes the Motion.  Motion was filed on December 18, 2023.

## PRELIMINARY STATEMENT

Rule 4(k)(1)(A) provides that the "New Jersey long-arm statute (which) provides for jurisdiction coexistence with the due process requirement of the United States Constitution."  In the case of the New York Defendants, while not solely, the direct association with jurisdictional record as regards the Wanaque and SentosaCare, holds Defendants to subject jurisdiction in this matter.  Plaintiff reaffirms that SentosaCare, LLC., has a vast share of ownership in New York rehabilitation and nursing care facilities.  SentosaCare, LLC. has an appreciative history of derivational outcomes, compromising human health in many instances, combined with trafficking in persons. (*See Paguirigan v. Prompt Nursing Employment Agency*, LLC. No. 19-3494, 17-cv-1302 (NG (JO) (E.D.N.Y. Sep. 23, 2019)).  Plaintiff further asserts that New York and, in particular, Defendant, Letitia James was derelict in her capacity evidenced by the absence of strict adherence to Public Law 28-2801A, Public Health Law, Article 28-2801-A Establishment, which provides "…the PHHPC shall not approve an application unless it is satisfied of the character, competence and standing in the community of the proposed directors, stockholders, and operators (p.2)…the council shall affirmatively find that a 'substantially consistent high level of care' is or was being rendered in each facility affiliated with the person being reviewed (p.3)…there 'shall not' be a finding of a high level of care where there have been

violations that threatened patient health and safety, and were recurrent or not promptly corrected" (p.3). [1] Plaintiff asserts that had the New York Attorney General's office held to standing law, the Wanaque incident that cost the lives of eleven children and the rape of an innocent CRIPA protected individual, as setforth in Plaintiff's original Complaint, the inclusive tragedies could have been averted. Lastly, Plaintiff confirms submission of Second Amended Complaint on December 22, 2023, wherein direct jurisdictional standing and resulting injury is emphasized through vocational and familial claims with direct correlation to the inclusive actions by the co-Defendants. Citing the evidenced body of historical record, the preponderance of evidence affirms Plaintiff's assertions and her burden of proof in establishment of personal jurisdiction.

Rule 12 provides that parties hold to decorum in pleadings and pretrial motions, Fed. R. Civ. P. 12. Plaintiff affirms that the Second Amended Complaint was filed on December 22, 2023 which conforms with Fed. R. Civ. P. 12.

Rule 12(b)(1) provides that parties may assert by motion a defense based on "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Plaintiff affirms that the Second Amended Complaint was filed on December 22, 2023 which addresses subject-matter jurisdiction as regards each of the Defendants.

Rule 25(d) provides that "an action does not abate when a public officer who is a party in an official capacity…ceases to hold office (instead)…(t)he officer's successor is automatically substituted as a party…" *see* Fed. R. Civ. P. 25(d). Plaintiff affirms that the Second Amended Complaint was filed on December 22, 2023 which conforms with Fed. R. Civ. P. 25, citing specific protections for Medicare and Medicaid within Proclamation 9994. Plaintiff asserts that the Defendant, Charlie Baker is a party to the action not merely on the basis of his decision

---

[1] New York Public Law 2801A, Public Health Law, Article 28-2801-A Establishment. Accessed December 15, 2023, http://public.leginfo.state.ny.us/lawssrch.cgi?NVLWO:

apparatus concerning health and human welfare throughout the COVID-19 pandemic, rather in the conspiratorial nature of his actions, the culmination of which were employed as capital in securing his present role as a member of the Board of Directors, UnitedHealth Group.[2]  For such a person to now advance regulation concerning human welfare and interests more broadly, is an affront to moral order and the Rule of Law.  Within Plaintiff's Second Amended Complaint, filed on December 22, 2023 conforming with Fed. R. Civ. P. 25(d), Medicare and Medicaid fraud has been evidenced during the COVID-19 pandemic.

## BACKGROUND ON SECOND AMENDED PLEADING

Plaintiff filed initial Complaint on October 13, 2023, in person.  Plaintiff was dissatisfied with the quality of the copies of the supporting exhibits and returned to the Court on October 16, 2023, to enter a clean, complete copy of the exhibits, upon their entry, the pleading reflected as entry of first amendment.  To be clear, Plaintiff explained to the Clerk that she would return with the clean exhibits wherein it was explained that they would be uploaded.  At no point was it stated that this action triggered an amendment to the initial pleading.

On November 20, 2023, the U.S. Court of Appeals, 8th Circuit ruled on Section 2 of the Voting Rights Act ("VRA"), (*See Arkansas State Conference NAACP v. Arkansas Public Policy Panel*, No. 22-1395).  The Appeals Court decision restricted Plaintiff from making claims concerning the controversies born of the VRA, leaving such a case to be brought by Attorneys General.

Based on the foregoing, on December 5, 2023, Plaintiff's request to file a second Amended Complaint ("Complaint") was sent by U.S. postal carrier on November 28, 2023,

---

[2] Business Wire.  November 3, 2023.  United Health Group announcement of Charlie Baker, prominent health care executive...  Accessed November 6, 2023.
https://www.businesswire.com/news/home/20231103879526/en/Charlie-Baker...

immediately preceding review of the *Arkansas NAACP v. Arkansas Public Policy Panel* decision. The request was sent to the Honorable Zahid N. Quraishi's office, which took a few days to be re-routed to the Honorable Tonianne J. Bongiovanni's office.  The Court having provided courtesy to Plaintiff  that a Motion to amend Complaint no later than December 22, 2023 could be filed which conformed with Federal Rules of Civil Procedure and L.Civ.R. 15.1, Plaintiff took immediate action to draft same.

      Plaintiff has taken exceptional care to ensure that the Defendants were served by Summons and Complaint.  Of the nineteen (19) co-Defendants, nine (9) Defendants either refused delivery or their publicly accessible service addresses were incorrect or had changed; Plaintiff methodically moved through the process of reaffirming known, publicly accessible, viable service addresses to ensure conformance of the Federal Rules of Civil Procedure were adhered.  Despite such efforts advanced by the Plaintiff, to date, Defendants ANDREW CUOMO, KRISTEN CLARKE, MIGUEL CARDONA and DANIEL MCKEE have neither affirmed nor replied with representation.

      In accordance with *Conley v. Gibson,* 355 U.S. 41 (1957), the Court described "the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," id. at 563.  The Court expounded the foregoing in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepting as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1949 (citation omitted).  Where a complaint is inadequate, leave to amend the complaint is common.  (*See, e.g., Butt v. United Brotherhood of Carpenters & Joiners of America*, No. 09-4285, 2010 WL 2080034 (Ed. Pa. May 19, 2010)).

In this case, the DNC asserts no factual inadequacy in the Complaint – and seeks dismissal "with *prejudice*" while encouraging "*dismissal of pro se complaint without leave to amend*. The statements made herein and opined in the Motion for Leave to File Second Amended Complaint with Exhibit (draft Second Amended Complaint), provides that the Plaintiff has, in good faith, sought to meet the thresholds afforded by the Federal Rules of Civil Procedure. Moreover, Defendant, DNC, is moving to dismiss this action on the grounds that the claims are non-justiciable, that the suit is barred by laches, and that the Plaintiff lacks standing to bring claims now before the Court. None of these arguments have merit, and their Motion should be denied.

Defendant, DNC, fails to identify the standard used when a Court considers a motion to dismiss, it must "construe the complaint in the light most favorable to the Plaintiff, accepting its allegations as true, and draw all reasonable inferences in favor of the Plaintiff." *Directtv, Inc. v. Treesh*, 487 F. 3d. 471 (6th Cir. 2007). A motion to dismiss "should not be granted unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Id. (quoting *Ricco v. Potter*, 377 F. 3d 599, 602 (6th Cir. 2004)).

In her Second Amended pleading, Plaintiff has offered the Court manageable standards to redress their injuries and alleged facts sufficient to support their standing to bring each claim. And this action is timely as it pursues relief in an ongoing injury.

## ARGUMENT

1. Plaintiff's Claims are Justiciable.

In *Schiavone v. Fortune*, 477 U.S. 21 (1986), the Court in referring to *Conley v. Gibson*, 355 U.S. 41, 355 48 (1948) iterated that "…the spirit and inclination of the rules favored decisions on the merits, and rejected approach to pleading is a game of skill in which one misstep

may be decisive." And, moreover, that "decisions on the merits are not to be avoided on the basis of mere technicalities." (*Foman v. Davis*, 371 U.S. 178, 371 U.S. 181 (1962)). In this case, the DNC states that Plaintiff has not provided for "fair notice of claim," however, Plaintiff asserts that the claim is clear within the content of the paragraph, "Defendant stood down their Charter and obligations to the People, obviating their pledge by avowing to extreme ideology…collaborate(d) with co-Defendants …passively…(taking) no corrective action." (p. 39). Plaintiff reasserts her claim which has been made clear in the Second Amended Complaint with such extreme espoused ideology associated with an undisclosed undercurrent, while not made known to this very day, it is no less present by the absence of Charter informed action, whether verbal or written, in advocacy for the retention and protection of Rights enumerated to the benefit of the inclusive People in whom the DNC Charter designates to confer.

Dismissals with prejudice have severe consequences, "[c]ourts are understandably cautious about imposing" them "as a penalty for want of prosecution or for failure to comply with Federal Rule or court order." 9 Wright & Miller, Federal Practice & Procedure § 2369 (4th ed.) (*See Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012) ("Dismissal with prejudice is the exception, not the rule, in federal practice.") As a practical application, "the federal courts have allowed a dismissal to be ordered with prejudice only on a showing of 'clear record of delay or contumacious conduct by the Plaintiff; mere negligence will not suffice, and a lesser sanction would not serve the interests of justice.'" (9 Wright & Miller, Federal Practice & Procedure § 2369 nn. 35-38 (4th ed) (citation omitted).[3] As a matter of record, Plaintiff exhibited none of the foregoing actions. Lastly, Plaintiff asserts that in formulating their Motion to Dismiss, citing the limited application of dismissal with, withholding the opportunity to restate

---

[3] Mentz, Jesse, et. al. Morrissey v. Mayorkas, Petition for Writ of Certiorari, Supr; September, 2022. Accessed December 26, 2023.

claim and effectively demanding that Plaintiff abort the inclusive cases and controversies, by their conduct, DNC has fortified Plaintiff's claim as above stated.

## CONCLUSION

For the reasons set forth above, the Court should dismiss Defendant's individual Memorandums and Motions to Dismiss, with or without prejudice, allowing Plaintiff leave to file and serve the Second Amended Plea with scheduled hearing setforth by the Honorable Tonianne J. Bongiovanni on January 16, 2024.  Plaintiff prays over the Court in its evaluation of the facts presented.

Respectfully submitted,

By: /s/ Mary B. Logan
Mary B. Logan, *Pro-Se* Plaintiff
Post Office Box 5237
Clinton, New Jersey 08809

Dated December 27, 2023